UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ATLANTIC ENGINEERING GROUP, INC., )<br>)<br>Plaintiff, )<br>) | <br><br><br>No. 4:12-CV-1722 CAS |
| v. )<br>) | |
| RALLS COUNTY ELECTRIC )<br>COOPERATIVE, )<br>) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant/counter-claimant Ralls County Electric Cooperative's ("RCEC") motion for leave to join an additional party and to amend its counterclaim. Plaintiff/counter-defendant Atlantic Engineering Group, Inc. ("AEG") opposes the motion. RCEC did not file a reply in support of its motion and the time to do so has passed.

*I.  Background*

This suit involves an alleged breach of contract for the construction of a rural telecommunication project.[1]  It is alleged that in August 2010, AEG entered into an agreement with RCEC to construct a portion of the "Ralls County Electric Fiber-to-the-Home Project."  Plaintiff AEG alleges that defendant RCEC, among other things, failed to provide proper engineering plans, material and support to complete the project.  Plaintiff AEG filed a six-count complaint against defendant RCEC alleging breach of contract, quantum meruit and negligent misrepresentation.  AEG also asks for declaratory judgment.

---

[1]AEG alleges that this Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

RCEC answered the complaint and filed a two-count counterclaim against AEG for breach of contract and misrepresentation. Counter-defendant AEG answered Count I of the counterclaim, and filed a motion to dismiss or, in the alternative, for more definite statement as to Count II of the counterclaim, which motion is still pending before the Court.

Defendant/counter-claimant RCEC now moves for leave of Court to amend its answer and counterclaim to add First National Insurance Company of America, a/k/a Liberty Mutual Surety ("First National") as a "party plaintiff" and assert a claim against it. RCEC moves to amend its pleadings and join a party pursuant to Rules 15 and 19 of the Federal Rules of Civil Procedure. The Court notes that RCEC's motion is timely under the Case Management Order.

In support of its motion, RCEC states that First National issued a performance bond covering the project at issue. RCEC also states in its motion that since the filing of this suit, AEG has "completely abandoned its contract with RCEC," and RCEC "has demanded that First National provide and/or accept responsibility to pay for substitute performance, or that First National provide assurances that it will stand behind its Bond and make good the costs, expenses, losses and damages resulting from AEG's breach of contract," which First National has not done. See Doc. 22 at 2. RCEC seeks to add First National and assert a claim against it for breach of performance under the bond or for anticipatory repudiation of the bond.

RCEC attached to its motion for leave a proposed "First Amended Answer and Counterclaim of Ralls County Electric Cooperative." In its proposed amended pleading, RCEC adds First National as a <u>defendant</u> to Count III of its counterclaim for "Suit on Construction Performance Bond," although the motion for leave asks to join First National as a party plaintiff. Count III of the proposed counterclaim asserts that First National has breached its obligations under the bond, or has given RCEC reasonable grounds to anticipate that it will breach its duties under the bond. In the

2

alternative, RCEC seeks a declaratory judgment as to First National's rights and obligations to it, under the federal or Missouri declaratory judgment acts.

AEG opposes RCEC's motion to amend and join First National as a party on two grounds. First, AEG argues First National cannot be a "party plaintiff" because First National has not asserted any claims in this suit. Second, it argues some of the allegations in Count III of RCEC's proposed counterclaim against First National fail to state a claim. More specifically, AEG argues RCEC has asserted "contradictory factual allegations" as to its breach of contract claim, in that it has alleged breach of the performance bond and anticipatory breach of the bond, and therefore fails to properly allege the elements of a breach against a construction surety. AEG also argues that RCEC has not alleged the required elements for declaratory judgment against First National.

Notably, AEG does not argue that RCEC's claims against First National are not related to the transactions or series of transactions presently at issue in this case. AEG is also silent as to whether there are common questions of law and fact that would arise under RCEC's proposed claim against First National and the claims that already have been asserted in this suit.

## II. Discussion

The Court has reviewed the motion, memoranda, and proposed pleadings and agrees that while First National's interests may be aligned with AEG, First National would not be properly joined as a "party plaintiff" in this suit. First National is not asserting any claims in this cause of action. In the Court's view, RCEC would like to assert a new claim against First National, a non-party, making it a defendant to the counterclaim, which is permissible under the Federal Rules of Civil Procedure. Rule 13(h) contemplates joining additional parties to a counterclaim, which may be done pursuant to Rules 19 or 20 – the Rules addressing joinder. As neither side has suggested

3

that First National would be a "required party" to this suit, the permissive joinder provision of Rule 20, not Rule 19, would apply under the circumstances.

Under Rule 20, a party may join an additional party as a defendant if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B). The Court finds RCEC meets these requirements as to its claim against First National. RCEC alleges First National bonded AEG on the Ralls County Electric Fiber-to-the-Home Project, the project at issue in this suit. RCEC further alleges that AEG did not adequately perform under its construction contract and, as a result, First National is liable to perform under the bond but that it has failed to do so. Under these circumstances, the Court will allow RCEC to add First National as a defendant to its counterclaim.

The Court further finds that it need not address at this time AEG's argument that RCEC has improperly asserted allegations of anticipatory breach of contract, and that RCEC has not alleged the required elements for declaratory judgment against First National. These are not the only allegations RCEC makes in its counterclaim against First National. RCEC does allege in its proposed amended counterclaim that First National did in fact breach the terms of the performance bond. AEG's arguments regarding anticipatory breach of contract and declaratory relief can be raised in a properly asserted motion to dismiss or other dispositive motion.

### III. Conclusion

In sum, the Court will allow RCEC to add First National as a defendant to its counterclaim pursuant to Rules 13 and 20 of the Federal Rules of Civil Procedure. The Court, however, cannot direct the Clerk of Court to docket RCEC's proposed "First Amended Answer and Counterclaim of

Ralls County Electric Cooperative" which was attached to its motion, because the case caption is not accurate. In the caption of the proposed pleading, it appears that AEG is asserting a claim against both RCEC and First National, which is inaccurate. The Court will direct RCEC to file its amended answer and counterclaim with the following case caption: "Atlantic Engineering Group, Inc., plaintiff, v. Ralls County Electric Cooperative, defendant/counterclaim plaintiff, v. Atlantic Engineering Group, Inc., and First National Insurance Company of America, counterclaim defendants." Furthermore, RCEC must properly serve First National with the original complaint and amended counterclaim pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Ralls County Electric Cooperative's motion for leave to join an additional party and to amend its counterclaim is **GRANTED**. [Doc. 22].

**IT IS FURTHER ORDERED** that on or before **May 31, 2013**, Ralls County Electric Cooperative shall file an amended answer and counterclaim claim that is consistent with the terms of this Memorandum and Order.

                                                                                        */s/ Charles A. Shaw*
                                                                                        **CHARLES A. SHAW**
                                                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of May, 2013.